AO 472 (Rev. 3/86) Order of Detention Pending Trial
======================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **Criminal No. 06-103-P-H** |
| ) | |
| **NORMAN R. HOWARD,** ) | |
|    Defendant   ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

[ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
[ ] an offense for which the maximum sentence is life imprisonment or death.
[ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
[ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

[ ]  (1)  There is probable cause to believe that the defendant has committed an offense
      [ ]  for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
      [ ]  under 18 U.S.C. Section 924(c).

[ ]  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

[X]  (1)  There is a serious risk that the defendant will not appear.
[X]  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

The defendant has been charged by indictment with sixty counts of bank fraud, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1344 and 2. The specific conduct alleged is that between June 6th and 25th of 2006 the defendant directed four others to cash more than 60 counterfeit checks totaling about $34,000. The government seeks the detention of the defendant as a risk of flight and a danger to other persons and the community.

The defendant, who is 28 years old, was born in Lawrence, Massachusetts and currently resides in Salem, Massachusetts with his girlfriend, Stacy White. He has daily contact with his mother, who lives in Salem, New Hampshire. He has not seen his father in 18 years. He has five siblings, two of whom (both sisters) have been charged in separate actions in this court with the same acts of bank fraud alleged against the defendant. No information has been provided about the nature of the defendant's relationship with his three brothers. The defendant has two daughters, ages 9 and 5, both of whom reside with their mother in Skowhegan, Maine. The defendant has not seen his children in approximately seven months but claims to talk with them by phone twice a week. Howard does not possess a valid passport and has never traveled out of the country.

Prior to his arrest earlier this week the defendant had been employed as a welder in Georgetown, Massachusetts for a period of two months. Immediately prior to that he served a four-month sentence at the Cumberland County Jail on a probation violation. Before then he was out on probation for 22 days following service of a two-year sentence at the Maine State Prison.

Howard reports that he has been hospitalized at the Augusta Mental Health Institute for psychiatric reasons on two occasions, once in 1999 and again in 2000. While there he was diagnosed with schizophrenia and lack of impulse control. According to the defendant, he is not currently prescribed and is not taking any medication for his mental illness. Yet, while incarcerated at the Maine State Prison the defendant was prescribed several medications for his mental illness.

The defendant also denies any substance abuse or use.  He reported that he drank all weekend before turning himself in this past Monday but reaffirmed that he does not usually drink.  These denials notwithstanding, FBI Special Agent James Lechner credibly testified at the detention hearing that during his investigation of the defendant he learned that the defendant was using the bank fraud proceeds to buy and use illegal drugs.  The author of the pretrial services report also reported that one of the other accuseds (hereafter referred to for convenience as "co-defendant(s)") told her that Howard was the one who introduced him or her to cocaine.

Despite his young age, the defendant has a long and troublesome adult criminal history that includes several convictions for terrorizing, burglary, criminal mischief, criminal threatening, assault, indecent conduct, and violations of protective orders.  The pretrial services office has been advised that the defendant was physically abusive towards two of his co-defendants during the June 2006 alleged bank fraud period and that the police were called.  These individuals then refused to cooperate with the police.  One of the victims reported that the defendant so badly beat up one of her friends that he or she had to be hospitalized.

Moreover, the defendant's criminal history reflects numerous probation violations and revocations.  It is clear that he is unwilling to abide by conditions of probation.  Howard's supervising state probation officer, Marc Montminy, reports that Howard has never reported to that probation office as directed, that the state probation officers were constantly trying to locate him and that the defendant should never again receive probation as a part of a sentence given his poor performance and lack of following court orders.  Indeed, Howard himself told the interviewing federal pretrial services officer in connection with this matter that he "hates" to be on probation and often will not report.  When advised that any release order here could include conditions of release and supervision, he stated that he was hoping to be released on cash bail only.  The defendant currently has an active state-court warrant for his arrest for failing to report to probation.

Although the defendant had hoped to be released and reside with his girlfriend at her parents' house, Ms. White's mother advised the pretrial services officer that the defendant is not welcome there.  Howard now proposes that he be released on the condition that he continue to reside at the apartment he now rents in Salem, Massachusetts and work at his current job.  His employer has confirmed that Howard would be able to return to his job if released within the next few days.

Given the defendant's extensive criminal history (including numerous acts of violence, some directed at co-defendants in this case), his untreated mental illness and substance abuse, his propensity for violence, his numerous failures to report necessitating searches for his whereabouts, and his absolute refusal to abide by conditions of release and supervision, I find (i) by a preponderance of the evidence, that the defendant poses a serious risk of non-appearance, and (ii) by clear and convincing evidence, that the defendant poses a serious risk of danger to the safety of others and the community if released, and that there are no conditions of release that will reasonably assure his appearance as required and individual and community safety.[1]  I therefore **ORDER** that the defendant be detained pending trial.

---

[1] In reaching these conclusions, I have considered the defendant's argument that his voluntary surrender on Monday and the lack of any report of threatening behavior directed at co-defendants or cooperating individuals since June

**Part III - Directions Regarding Detention**

   The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 16, 2007

                /s/ David M. Cohen
                David M. Cohen
                U.S. Magistrate Judge

---

2006 belie the government's claim that he poses a risk of flight and a danger to others and the community.  My decision is based on a consideration of the entire hearing record, including information contained in the pretrial services report and the testimony of FBI Special Agent Lechner.