UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NORMAN R. HOWARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 2:06-cr-00103-DBH-1 |
| ) | 2:11-cv-00191-DBH |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION**

On May 10, 2011, the sentencing judge in this case received a letter request from Norman R. Howard raising "a couple of issues." Included within the letter were numerous discontents with his court appointed lawyer amid what could be fairly read as a claim of ineffective assistance of counsel in connection with the revocation judgment that had been entered by this court on September 27, 2010 (Doc. No. 59). The court directed the clerk to docket the letter as a timely motion to vacate directed at the revocation judgment and referred the matter to me for a recommended decision. Howard's letter also raises concerns about the lack of mental health treatment in prison and the length of his sentence, issues not necessarily related to a claim of ineffective assistance of counsel.

Howard's pleading did not comply with the form required for a 28 U.S.C. § 2255 motion under Rule Governing Section 2255 Proceedings 2. Most glaringly, the letter to the sentencing judge was not signed under penalty of perjury as required by Rule 2(b)(5). In order to rectify this problem, among others, I directed that the clerk send Howard a form Section 2255 motion and ordered Howard to return the completed form by June 6, 2011. My order also indicated that if Howard was not claiming ineffective assistance of counsel and seeking to vacate the

revocation judgment on some other legal basis, he should inform the court what legal relief he actually sought by June 6, 2011. (Doc. No. 64.)

On June 9, 2011, the court received a Motion to Reduce Sentence from Howard. (Doc. No. 65.) Given the timing of the filing and its contents, it appears to be Howard's response to my prior order, although Howard does not mention the first pleading at all. In the June 9, 2011, filing Howard explains that he has not been receiving the mental health treatment recommended by the sentencing judge at the time the Court entered the revocation judgment. He also explains that he continues to believe that the thirty-three month sentence he received for violating his supervised release was excessive and should be modified. Unlike his first letter to the sentencing judge, this missive does not take the court appointed attorney to task for failing to properly investigate his case, contact potential witnesses, file an appeal, or actually promising a particular outcome upon entry of the admission. The Court denied the motion, noting it lacked jurisdiction to simply reduce a sentence. (Doc. No. 66.)

**Recommendation**

I now recommend that the court dismiss Howard's initial letter request without prejudice. Howard has the proper form to proceed with a 28 U.S.C. § 2255 motion if he chooses to do so. While Howard's failure to affirm these allegations under penalty of perjury does not deprive this court of jurisdiction to adjudicate a § 2255 motion, the court can decline to consider the petition until this procedural defect has been corrected. Ferrara v. United States, 456 F.3d 278, 295 (1st Cir. 2006).

Howard appears to raise three major ineffective assistance grounds. First he claims he instructed the federal defender to appeal the judgment of revocation after the sentencing. This is a garden variety claim of ineffective assistance and could conceivably warrant an evidentiary

2

determination had Howard submitted sworn evidence that he made the request and his attorney failed to pursue it. Howard has failed to submit any document in support of the claim.

Howard's second ground is that the federal defender failed to investigate and subpoena witnesses that would have proven that he did not commit the new criminal conduct against a former domestic partner as alleged in the petition. Violation Number One in the Petition for Revocation (Doc. No. 43), is an allegation that he committed new criminal conduct that constituted the state crimes of Terrorizing and Harassment by Telephone. According to the victim, Howard threatened her in person and also sent her text messages. Additionally, the program manager in the treatment facility where Howard's estranged domestic partner resided alleged that Howard made numerous harassing calls to the facility. Howard's letter implies that his phone was stolen and someone else made the calls. He claims to have told the federal defender about this unnamed person. According to Howard the unnamed person would have testified that he actually made the threatening call. He also states that the victim admitted to him that she made up these allegations because she was upset with him and that she would have so testified, if only his attorney had contacted her.

These allegations are serious and complex, or delusional. If Howard has the name of a witness who would have testified that he, rather than Howard, committed the alleged criminal conduct involving the telephone, his petition should include that person's name. If the name was given to the federal defender before the hearing, Howard needs to explain the circumstances under which he furnished this information to his attorney. Likewise if he told the federal defender that the alleged victim was prepared to testify that she had made up these allegations, he needs to provide the details of that conversation. For these various reasons, Howard was given the forms he needs to complete in order to provide this court with a petition that would

3

warrant requiring the United States to respond to his allegations and conduct its own investigation. Until Howard supplements his initial letter to the court, providing the necessary details signed under penalty of perjury, there is simply insufficient reason to proceed with this petition, in my view.

Howard's third claim appears to be that his attorney "promised" him he would receive no more than eighteen months for a first revocation of supervised release. The proceedings of the September 27, 2011, hearing have never been transcribed, but I suspect that the transcript would portray a different picture than Howard's assertion about promises made. In any event, if Howard wants to trigger the preparation of official transcripts in connection with that proceeding, as with his claim that the attorney failed to file a notice of appeal, he needs to present an allegation filed under penalty of perjury.

In sum, Howard's letter to the court raises many issues, but does not do so in a way that complies with the Rules Governing Section 2255 Proceedings. Howard is on notice that this court will not entertain this petition until he files a document in compliance with the rules. My view that Howard should comply with the rules is not a mere insistence on technical compliance, but rather a desire to make sure that the initial letter is not simply a series of baseless allegations asserted in the desire to get this court to reduce the sentence. If the letter petition is simply dismissed without prejudice, Howard may still comply with my original order and submit a document, filed under penalty of perjury, that contains the details and names as outlined in this recommendation. Were he to file such a petition, I would order the United States to answer it. Until he does so, I recommend the court take no further action, other than dismissing the current letter petition without prejudice.

NOTICE

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                      /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

June 14, 2011